Hon. Sheldon Silver Speaker of the Assembly Informal Opinion Legislative Office Bldg., Rm. 582 No. 95-28 Albany, N Y 12248
Dear Speaker Silver:
You have requested my opinion as to whether the definition of "emergency ambulance service vehicle" in section 115-c of the Vehicle and Traffic Law includes a privately-owned vehicle which is being operated by an agent of a duly qualified ambulance service answering an emergency on behalf of such ambulance service. As you have pointed out, an "emergency ambulance service vehicle" is further defined as an "authorized emergency vehicle" (Vehicle and Traffic Law § 101) which is permitted to utilize gongs or sirens, red and white lights, and may disregard certain traffic control laws, consistent with Vehicle and Traffic Law §§ 375(26), (41)(2) and 1104.
Section 115-c defines "emergency ambulance service vehicle" as
 An emergency ambulance service vehicle shall be defined as an appropriately equipped motor vehicle owned or operated by an ambulance service as defined in section three thousand one of the public health law and used for the purpose of transporting emergency medical personnel and equipment to sick or injured persons.
I believe that the language "owned or operated by" (emphasis supplied) includes an appropriately equipped privately-owned vehicle operated by an agent of an ambulance service and used in transporting emergency medical personnel and equipment to sick or injured persons. "Ambulance service" for purposes of this provision is defined by Public Health Law §3001(2), (3), and includes a volunteer ambulance service.
To conclude that such a privately-owned vehicle is not an "emergency ambulance service vehicle" is inconsistent with the plain meaning of the language "or operated" in section 115-c of the Vehicle and Traffic Law. I believe that the statute, in covering a privately-owned vehicle, is designed to provide an increased level of emergency services to the public.
The legislative history indicates the purpose of section 115-c was to ensure that so-called "quick responder units", used in the treatment of cardiac arrests and related conditions, clearly would be authorized to use flashing lights and sirens. Bill Jacket, L 1981, ch 142, May 19, 1981 Memorandum in Support of A-4628 by Assemblyman Tallon, Jr., sent to the Governor. At the time, companies commonly had crews with quick responder units available 24-hours a day to permit response at any time. Id. I believe that the drafters of section 115-c carefully crafted the language "or operated by" to cover privately-owned vehicles. These vehicles can be available on an on-call basis to permit their owners to respond on behalf of the ambulance service to emergencies occurring at any time of the day or night.
The drafters recognized that the use of flashing lights and sirens should be granted only to vehicles with actual need for this equipment. Id. This was accomplished by covering only vehicles "owned or operated by an ambulance service" and serving a specific purpose — transporting emergency medical personnel and equipment to sick or injured persons.Id. Thus, privately-owned vehicles operated by agents of ambulance services and performing this specific purpose on their behalf are covered by this provision.
I note that the Department of Motor Vehicles (DMV) similarly construed section 115-c to include a privately-owned vehicle:
 The use of "or" in the phrase "owned or operated" leads us to the conclusion that there are two separate methods of qualifying as an emergency ambulance service vehicle. To hold otherwise would require the conclusion that the words "or operated" are mere surplusage.[1]
 the DMV recognized that the word "or" in section 115-c was significant, in authorizing privately-owned vehicles to fall within the definition of an "emergency ambulance service vehicle".[2]
I note that in a prior opinion of this office a contrary conclusion was reached based upon an erroneous citation of the statutory language to include vehicles "owned and operated" by an ambulance service. Informal Opinion No. 85-53.
I conclude that "emergency ambulance service vehicle", as defined by section 115-c of the Vehicle and Traffic Law, includes an appropriately equipped privately-owned vehicle operated by an agent of an ambulance service and used in transporting emergency medical personnel and equipment to sick or injured persons.
Very truly yours,
DENNIS C. VACCO
Attorney General
[1] January 21, 1992 letter to Peter J. Millock, General Counsel, NYS Department of Health, from Kathy A. Bennett, Deputy Commissioner and Counsel, Department of Motor Vehicles.
[2] See also, July 25, 1991 letter to Ms. B.J. Gilmore from Arthur L. Alowitz, Esq., Assistant Counsel, NYS Department of Motor Vehicles where it was concluded that:
An emergency medical technician employed or performing volunteer services for an ambulance service may equip his private vehicle with red lights and sirens and may use these red lights and sirens, in accordance with the above quoted 115-c, to arrive at the scene of an emergency faster.